**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **CAROLYN WORLDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:12-CV-98** |
| | ) | |
| **SENTRY INSURANCE,** | ) | |
| **A MUTUAL COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

This case was removed to this Court from the Allen Superior Court by the Defendant

based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 2.)  The Notice of

Removal alleges that "Plaintiff, Carolyn Worlds, is an Indiana resident with a primary residence

at 3618 Avondale Drive, Fort Wayne, Indiana."  (Notice of Removal ¶ 5.)

Defendant's Notice of Removal, however, is inadequate because the "residency" of each

party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."

*Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that

statements concerning a party's "residency" are not proper allegations of citizenship as required

by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332.  "It is well-settled that when the parties allege

residence but not citizenship, the court must dismiss the suit."  *Held v. Held*, 137 F.3d 998, 1000

(7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda

Motors of Am.*, *Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).  Therefore, as citizenship does not

necessarily equate with residence, *Dahlstrom v. Simon*, No. 00 C 5189, 2000 WL 1231391, at *1

1

(N.D. Ill. Aug. 28, 2000), alleging that the Plaintiff is an Indiana resident does not establish her citizenship.

Accordingly, the Court must be advised of Plaintiff Carolyn Worlds's citizenship, not residency.  "[F]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, __ F.3d __, 2012 WL 372988, at *1 (7th Cir. Feb. 7, 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before April 16, 2012, properly alleging the citizenship of Plaintiff Carolyn Worlds.

SO ORDERED.

Enter for this 2nd day of April, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge